UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
FRANCISCO GRAHAM,

       Plaintiff,                    **Not for Publication**

-against-                                 **MEMORANDUM & ORDER**

NYC DEPT. OF CORR. SVC;                   18-CV-922(KAM)
COMMISSIONER JOSEPH PONTE;
CORRECTION OFFICER PAGE, BADGE NO.
1500, E.S.U.,

       Defendants.
-----------------------------------X

**MATSUMOTO, United States District Judge:**

      Plaintiff Francisco Graham ("plaintiff"), who is presently in custody at Upstate Correctional Facility, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 ("section 1983") on February 7, 2018, while in custody at Clinton Correctional Facility. (*See* Complaint ("Compl." or the "complaint"), ECF No. 1, at 2; *see also* Notice of Change of Address, ECF No. 9.) Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, the court dismisses the complaint and grants plaintiff leave to file an amended complaint within thirty (30) days of this order.

## BACKGROUND

      The complaint alleges that on March 11, 2015, while plaintiff was incarcerated at Rikers Island Correctional Facility, defendant Correction Officer Page took plaintiff's personal clothing away from him. (Compl. at 4.) As a result,

plaintiff alleges that he had to go to court in prison attire, specifically, an "orange jumpsuit." (*Id.* at pg. 5). Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a

prisoner's complaint *sua sponte* if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *accord Liner v. Goord*, 196 F.3d 132, 134, 134 n.1 (2d Cir. 1999) (noting that *sua sponte* dismissal of prisoner complaints that are malicious, frivolous or fail to state a claim is mandatory).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's *pro se* complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). This means that the court must interpret a *pro se* complaint "to raise the strongest arguments that [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* complaint "must contain sufficient factual allegations to meet the plausibility standard." *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) (summary order) (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

## DISCUSSION

In order to maintain a section 1983 action, plaintiff must allege two essential elements. First, "the conduct

complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). Additionally, where, as here, a plaintiff seeks money damages, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite" to recovery under section 1983. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).

A. **Claim Against the New York City Department of Correction**

Plaintiff's claim against the New York City Department of Correction ("DOC") must be dismissed because the DOC is a non-suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter ch. 17 § 396. The DOC is an agency of the City of New York and thus a non-suable

4

entity. *Thomas v. City of New York*, No. 16-CV-2924, 2016 WL 3951094, at *2 (E.D.N.Y. July 20, 2016).

**B.   Claims against Joseph Ponte**

To the extent that plaintiff seeks to name Joseph Ponte, the Commissioner of DOC, as a Defendant, his claim fails. In order to sustain a claim against and establish a defendant's individual liability in a suit brought under section 1983, a plaintiff must allege facts showing the defendant's personal involvement in the alleged constitutional deprivation. *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).

Moreover, liability under section 1983 cannot be generally imposed on a supervisor solely based on his position because there is no *respondeat superior* or vicarious liability under section 1983. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a [section] 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)).

Plaintiff's complaint lacks any allegations against defendant Ponte. Thus, plaintiff fails to allege any facts to show that Ponte was personally involved in the alleged deprivation of his rights.

C. **Deprivation of Property Claim**

Plaintiff alleges that defendant Page "confiscated" his personal clothing. (Compl. at 4.) "[U]nauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Additionally, "[i]t is well established that New York provides inmates with the opportunity for a meaningful postdeprivation hearing through state law causes of action for 'negligence, replevin, or conversion which could fully compensate the plaintiff for his alleged property loss.'" *Toliver v. City of New York*, No. 10-CV-5806(SHS)(JCF), 2013 WL 6476791, at *7 (S.D.N.Y. Dec. 10, 2013) (quoting *Cook v. City of New York*, 607 F.Supp. 702, 704 (S.D.N.Y. 1985) and citing *Dove v. City of New York*, No. 99-CV-3020(DC), 2000 WL 342682, at *3 (S.D.N.Y. March 30, 2000) and *Smith v. O'Connor*, 901 F.Supp. 644, 647 (S.D.N.Y. 1995)).

Further, although plaintiff alleges that he filed a grievance and did not receive a response (*see* Compl. at 7-8,

6

Sections VII.D-E, VII.G), plaintiff does not allege that he sought to bring, or was prevented from bringing, a state law cause of action seeking compensation for property loss. Accordingly, plaintiff does not allege that he requested and was denied adequate post-deprivation procedures by which to seek compensation for the loss of his property.

Therefore, plaintiff's constitutional claims arising from alleged deprivation of personal property are not cognizable because New York law provides an adequate post-deprivation remedy, and plaintiff has not stated a due process claim for the loss of his personal items. *Leneau v. Ponte*, No. 16-CV-776(GHW), 2018 WL 566456, at *9 (S.D.N.Y. Jan. 25, 2018), *appeal docketed*, No. 18-683 (2d Cir. Mar. 12, 2018) (citations omitted); *accord Corley v. City of New York*, No. 14-CV-3202(GHW), 2017 WL 4357662, at *7 (S.D.N.Y. Sept. 28, 2017).

### D. Claim that Plaintiff was Forced to Wear Prison Attire to Court

Plaintiff alleges that he "was forced to go to court in an orange jumpsuit which tormented [his] kids when they saw [plaintiff] in [the jumpsuit]." (Compl. at 5.) "Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption [of innocence] so basic to the adversary system." *Estelle v. Williams*, 425 U.S.

7

501, 504 (1976) (collecting cases) (footnote omitted). This general rule recognizes that "that the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment." *Id.* at 504-05.

Here, however, plaintiff does not state the purpose for which he appeared in court – for example, whether he appeared for an arraignment, a conference, trial, or some other proceeding. Instead, plaintiff simply asserts that his children were "tormented" when they saw their father in prison attire. (Compl. at 5.) Therefore, plaintiff does not allege that he suffered any redressable constitutional injury.

### E. Leave to Replead

Because plaintiff is proceeding *pro se* and the court cannot "rule out any possibility . . . that an amended complaint would succeed in stating a claim," plaintiff is granted thirty (30) days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).

Should plaintiff elect to file an amended complaint, he must plead sufficient facts to allege a violation of his constitutional rights. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this order. If plaintiff fails to file an

amended complaint within the time allowed or show good cause why he cannot comply, final judgment shall enter. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint, filed *in forma pauperis*, is dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff is granted thirty (30) days leave from the date of this memorandum and order to file an amended complaint consistent with the terms of this order.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve a copy of this order on plaintiff at his address of record and note service on the docket.

**SO ORDERED.**

Dated: May 7, 2018
       Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States District Judge

9