FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 13 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
FRANCSICO GRAHAM,

       Plaintiff,

-against-

NYC DEPT. OF CORR. SVC;
COMMISSIONER JOSEPH PONTE;
CORRECTION OFFICER PAGE, BADGE NO.
1500, E.S.U.,

       Defendants.
------------------------------------X

**Not for Publication**

**ORDER**

18-CV-922(KAM)

**MATSUMOTO, United States District Judge:**

On February 7, 2018, plaintiff Francisco Graham ("plaintiff") filed this *pro se* action invoking the court's federal question jurisdiction under 42 U.S.C. § 1983 ("section 1983") while in custody at Clinton Correctional Facility. (*See* Complaint ("Compl." or the "complaint"), ECF No. 1, at 2; see also Notice of Change of Address, ECF No. 9.) On February 23, 2018, plaintiff filed a signed Prisoner Authorization form. (ECF No. 5, Prisoner Authorization.)

By Memorandum and Order dated May 5, 2018 the court granted plaintiff's request to proceed *in forma pauperis* and dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. (ECF No. 11, Memorandum & Order (the "May Order").) The court then granted plaintiff 30 days from the date of the Memorandum &

Order (*i.e.*, until June 7, 2018) to file an amended complaint. (May Order at 9.)

By Order dated July 17, 2018, after plaintiff failed to file an amended complaint on June 7, 2018, the court, *sua sponte*, afforded plaintiff additional time to file an amended complaint and set a new deadline for August 17, 2018. (*See* July 17, 2018 Docket Order.) The court also noted that plaintiff's previous address for service may have been incorrect. (*Id.*)

August 17, 2018 passed and plaintiff had not filed an amended complaint. On August 30, 2018, the court, *sua sponte*, issued an order extending plaintiff's deadline to file an amended complaint through September 14, 2018. (*See* August 30, 2018 Docket Order.) The order stated that this extension represented "**one final opportunity to file an amended complaint**," and warned plaintiff that, if he failed to file an amended complaint by the extended deadline, "**the court w[ould] dismiss this action pursuant to Federal Rule of Civil Procedure 41 for (1) failure to comply with court orders and (2) failure to prosecute**." (*Id.* (emphasis in quoted material).) The Clerk of Court served this order on plaintiff. (*See* August 31, 2018 Docket Notation.)

On September 13, 2018, plaintiff moved the court by letter for an extension of time to file an amended complaint and informed the court that he was assigned to a Special Housing

2

Unit in prison without access to his previous legal correspondence. (ECF No. 13.) The court granted plaintiff's motion on September 18, 2018 and set a deadline for October 19, 2018 for plaintiff to file his amended complaint. (*See* September 18, 2018 Docket Order.)

As of the date of this Order, plaintiff has not filed an amended complaint and the court has received neither a notice of undeliverable mail nor a notice of plaintiff's change of address. Accordingly, as set forth in its August 30, 2018 and September 18, 2018 Orders, this action is dismissed with prejudice under Federal Rule of Civil Procedure ("Rule") 41(b).

Rule 41(b) authorizes dismissal of an action where a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* . . . ." (citation omitted)).

In determining whether to dismiss an action under Rule 41(b), district courts must consider: (1) whether "the plaintiff's failure to prosecute caused a delay of significant duration;" (2) whether the "plaintiff was given notice that further delay would result in dismissal;" (3) whether further delay would likely prejudice the defendant; (4) the balance

between "the need to alleviate court calendar congestion" and "plaintiff's right to an opportunity for a day in court;" and (5) the "efficacy of lesser sanctions." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009)(quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *accord LeSane*, 239 F.3d at 209 (citations omitted). These factors must be considered in light of the record of the entire case as a whole, and no one factor is dispositive. *Lewis*, 564 F.3d at 576 (citations omitted).

Here, the first factor weighs in favor of dismissal because plaintiff has ignored court orders and rendered himself unavailable for a period of four months and apparently ignored three court orders. *See Zappin v. Doyle*, No. 17-CV-8837(KPF), 2018 WL 2376502, at *6-7 (S.D.N.Y. Apr. 10, 2018) (finding first factor weighed in favor of dismissal where plaintiff requested leave to amend his complaint and in the subsequent two months failed to amend the complaint, despite opportunities to do so, and ignored at least six court orders during that period); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *4 (S.D.N.Y. July 17, 2015) ("[D]ismissal has been found appropriate for a delay as short as two months when a party has become completely inaccessible, as accessibility strongly suggests that plaintiff is not diligently pursuing [his or] her claim." (internal quotation marks and citation omitted)).

Additionally, the orders that plaintiff has ignored clearly warned him that further delay would result in dismissal. Consequently, the second factor also weighs in favor of dismissal.

Regarding the third factor, although defendants have not been served, "prejudice to defendants resulting from unreasonable delay may be presumed," *LeSane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). While there is nothing in the record to indicate plaintiff's delay has increased the litigation costs for defendants or impaired their chances for success in this matter, there is also nothing in the record to rebut the presumption of prejudice. Accordingly, the third factor weighs in favor of dismissal, if only slightly.

As to the fourth factor, plaintiff has been given four opportunities to file an amended complaint yet has not filed one. Given the nature of plaintiff's conduct and the resources the court has expended in tending to this action, and upon weighing "the need to alleviate court calendar congestion" and "plaintiff's right to an opportunity for a day in court," *Lewis*, 564 F.3d at 576 (citation omitted), the court concludes that the fourth factor weighs in favor of dismissal.

Turning to the fifth factor, in light of plaintiff's unresponsiveness and unavailability, the court cannot fashion a

sanction less severe than dismissal given plaintiff's failure to comply with court orders. Accordingly, all five factors weigh in favor of dismissal, and dismissal is appropriate. *See Jackson v. Mulroy*, 12 F. App'x 80, 82-83 (2d Cir. 2001) (concluding district court did not abuse its discretion in dismissing action under Rule 41(b) where district court dismissed initial complaint, "expressly invited him to submit a complaint more clearly spelling out the basis for his claims and the relief sought," advised plaintiff that failure to file amended complaint would result in dismissal, and waited several months past the deadline for plaintiff to file an amended complaint before actually dismissing action).

In light of the foregoing, this action is dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment, to serve a copy of this order, the judgment, and an appeals packet on plaintiff at the address of record and note service on the docket, and to close the case. Although plaintiff paid the filing fee to commence this action, the court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)(" We consider a defendant's good faith

in this type of case demonstrated when he seeks appellate review of any issue not frivolous.").

**SO ORDERED.**

Dated:   November 9, 2018
         Brooklyn, New York

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge